IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

LOUIS COLLINS, JR., #108 397,      )
                                   )
        Plaintiff,                 )
                                   )
v.                                 )        CIVIL ACTION NO. 2:12-CV-51-MHT
                                   )
SENATOR MARSH, *et al.*,           )
                                   )
        Defendants.                )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Previously, this court denied Plaintiff's request for a temporary restraining order pursuant to Rule 65(b), *Federal Rules of Civil Procedure*. *See* Doc. No. 3. The pleadings before the court reveal that Plaintiff has also filed a request for preliminary injunctive relief on his claim of overcrowding in the Alabama Department of Corrections, which the court considers a motion for preliminary injunction under Rule 65(a), *Federal Rules of Civil Procedure*. Upon consideration of the request, the court concludes that Plaintiff's motion for a preliminary injunction is due to be denied.

## I.  DISCUSSION

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court . . ." *Palmer v. Braun,* 287 F.3d 1325, 1329 (11th Cir. 2002). The four prerequisites which Plaintiff must demonstrate to warrant issuance of a preliminary injunction are: (1) a substantial likelihood of success on the merits; (2) a substantial threat

of irreparable injury without the injunction; (3) that the harm to the plaintiff outweighs the harm to the non-moving parties; and (4) that an injunction would be in the interest of the public. *Id.*; *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber & Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983).   "[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion" as to each of the four prerequisites.  *See McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998) (internal citations and quotations omitted); *see also Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion).  The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements.  *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").

Here, Plaintiff's generalized overcrowding claim clearly falls short of demonstrating a meritorious claim based on prison conditions.  *See Rhodes v. Chapman*, 452 U.S. 337, 347-48 (1981); *Farmer v. Brennan,* 511 U.S. 825, 834 (1994).  The court, therefore, finds that Plaintiff does not have a substantial likelihood of success on the merits.  *Id*.  Furthermore, it is unclear what Plaintiff's request for preliminary injunctive relief on his claim of

2

overcrowding would entail, which precludes the court from determining what burden a preliminary injunction would have on the Department of Corrections and whether issuing one would harm the public interest.  Because Plaintiff fails to satisfy the elements to succeed on his request for preliminary injunctive relief, his motion for a preliminary injunction is due to be denied.  *See Parker v. State Bd. of Pardons & Paroles,* 275 F.3d 1032, 1034-35 (11th Cir. 2001).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The Motion for Preliminary Injunction filed by Plaintiff (Doc. No. 1) be DENIED; and

2.  This case be referred back the undersigned for additional proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation **on or before February 9, 2012**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the

Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 26th day of January, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE